**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
500 WEST CAPITOL AVENUE, SUITE D-469
LITTLE ROCK, ARKANSAS 72201-3325

**J. LEON HOLMES**  (501) 604-5380
**UNITED STATES DISTRICT JUDGE**  FAX: (501) 604-5389

May 14, 2014

Linda B. Lipe
U.S. Attorney's Office
Little Rock, AR

Re:   No. 4:08CR00240 JLH, *United States of America v. Elton Williams, III*

Dear Ms. Lipe:

I am writing to ask that you clarify the position of the United States with respect to the applicability of the statute of limitations in this case and to respond to an argument that Mr. Williams made in his reply brief.

As you know, Mr. Williams relies on the decision of the Supreme Court in *United States v. Descamps*, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). In the response that you filed on behalf of the United States, you say that the petition is barred by the statute of limitations but you do not explicitly state that the Supreme Court has failed to make *Descamps* retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3). I need to know whether the United States contends that *Descamps* is not retroactively applicable to cases on collateral review.

In his reply, Mr. Williams argues that commercial burglary in Arkansas is broader than the generic definition of burglary because the definition of a "commercial occupiable structure" includes vehicles. *See* Ark. Code Ann. § 5-39-101; *United States v. Thomas*, 124 F.3d 209, 1997 WL 538011 (8th Cir. September 2, 1997). Thus, he argues, *Descamps* does apply to his case.

Please comment on both of these issues. After I receive your comments, I may give Mr. Williams one further opportunity so that, as the moving party, he has the last word.

Respectfully yours,

*J. Leon Holmes*

Leon Holmes

JLH/lcc

cc:   Elton Williams, III